# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case No. 5D2024-2361
LT Case Nos. 2023-CF-001470
2023-CF-001472

———————————————

KELVIN BERRIOS,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

On appeal from the Circuit Court for Sumter County.
David B. Eddy, Judge.

Matthew J. Metz, Public Defender, and Andrew Mich, Assistant
Public Defender, Daytona Beach, for Appellant.

James Uthmeier, Attorney General, Tallahassee, and Kristen
Davenport, Assistant Attorney General, Daytona Beach, for
Appellee.

July 25, 2025

PER CURIAM.

In this *Anders*[1] appeal, we affirm Kelvin Berrios's judgments
and sentences but remand for the trial court to reduce the

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

prosecution costs to the minimum amount authorized under section 938.27(8), Florida Statutes (2024).

Section 938.27(8) requires a trial court to set prosecution costs at standardized amounts unless increased costs are established:

> Costs for the state attorney must be set in all cases at no less than $50 per case when a misdemeanor or criminal traffic offense is charged and no less than $100 per case when a felony offense is charged . . . . The court may set a higher amount upon a showing of sufficient proof of higher costs incurred.

§ 938.27(8), Fla. Stat. The minimum costs must be imposed even absent a request by the State. *See Parks v. State*, 50 Fla. L. Weekly S120, S122 (Fla. June 12, 2025).

Here, the State requested, and the trial court awarded, $150 in prosecution costs in each case, but nothing was presented to demonstrate higher costs were incurred in either case. *See id.* at S122 (noting higher prosecution costs must be requested *and* established by the State). Thus, we remand for the trial court to reduce the imposed prosecution costs in each case to the standard minimum amount for felony charges: $100. § 938.27(8), Fla. Stat.

AFFIRMED; REMANDED with instructions.

JAY, C.J., and KILBANE and PRATT, JJ., concur.

2

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____